UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                          :
TIMOTHY HALL                              :
                                          :      CASE NO. 5:13-CV-575
                    Plaintiff,            :
                                          :
vs.                                       :      OPINION & ORDER
                                          :      [Resolving Doc. Nos. 1, 17, and 18]
COMMISSIONER OF                           :
SOCIAL SECURITY,                          :
                                          :
                    Defendant.            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this social security benefits case, Plaintiff Timothy Hall objects to the Magistrate Judge's

Report and Recommendation, which recommends affirming the Administrative Law Judge's

("ALJ") denial of benefits.[1/]  Because the ALJ had substantial evidence supporting his decision, the

Court **ADOPTS** the Recommendation of the Magistrate Judge and **AFFIRMS** the ALJ's denial of

benefits.

## I. Background

        On May 19, 2010, Plaintiff Hall filed applications for Supplemental Security Income ("SSI")

and Disability Insurance Benefits ("DIB").[2/]  Hall alleged a disability onset date of October 31,

2001.[3/]

        On October 25, 2010, the Social Security Administration (SSA) found Hall disabled as of

---

        [1/]Doc. 18.

        [2/]Doc. 12 at 154 (listing application date as May 19, 2010). *But see Id.* at 199, 204 (listing the application date
as May 20, 2010). The Court uses the May 19, 2010 date as the official application date. The application date is
immaterial.

        [3/]*Id.* at 204.

Case No. 5:13-CV-575
Gwin, J.

May 2010 and granted his application for SSI benefits.[4] However, on September 14, 2010, the SSA

denied Plaintiff Hall's application for DIB for the time period between October 2001 to December

2006 because his disability onset date, May 2010, postdated his date last insured, December 2006.[5]

On September 23, 2010, Plaintiff Hall requested a reconsideration of the denial of his DIB.[6]

On November 23, 2010, the SSA denied Plaintiff Hall's request.[7] On December 1, 2010, Hall

requested a hearing before an ALJ.[8]

On January 20, 2012, Administrative Law Judge James A. Hill conducted a hearing.[9]

Plaintiff Hall and a vocational expert testified at the hearing.[10]

On January 27, 2012, the ALJ issued a decision finding Plaintiff Hall not disabled from the

alleged onset date of October 31, 2001 through his date last insured of December 2006.[11]

On February 19, 2013, the Appeals Council denied Plaintiff's request for review, making the

ALJ's decision final.[12] Plaintiff thereafter sought review in this Court.

On November 1, 2013, Magistrate Judge Vecchiarelli issued her Report and

Recommendation. She recommended affirming the Commissioner's decision.[13] On November 15,

2013, Hall objected to the Report and Recommendation.[14] The case is now ripe for decision.

---

[4] *Id.* at 154.
[5] *Id.* at 150.
[6] *Id.* at 153.
[7] *Id.* at 168.
[8] *Id.* at 176.
[9] *Id.* at 75.
[10] *Id.* at 82, 95.
[11] *Id.* at 70.
[12] *Id.* at 51.
[13] Doc. 17.
[14] Doc. 18.

Case No. 5:13-CV-575
Gwin, J.

## II. Legal Standards

### A. Standard for Establishing Disability

To establish disability under the Social Security Act, a claimant must show that he cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[15/] The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy.[16/]

### B. Standard of Review

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation.[17/] A final Social Security ALJ decision of the is, however, not reviewed *de novo*. A district court only determines whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards."[18/]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion."[19/] The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.[20/] In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[21/] The district court may look into any evidence in the record, regardless of whether it has been cited

---

[15/] *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

[16/] *Id.*

[17/] 28 U.S.C. § 636(b)(1).

[18/] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[19/] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

[20/] *See id.*

[21/] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Case No. 5:13-CV-575
Gwin, J.

by the ALJ.[22]  When substantial evidence supports the ALJ's decision, a court may not reverse, even

if the court would have made a decision different than the ALJ made.[23]

### III.  Analysis

Plaintiff Hall raises only one objection to Magistrate Judge Vecchiarelli's Report and

Recommendation.[24]  He objects to the Magistrate Judge's determination that the ALJ properly

evaluated Plaintiff's obesity.[25]  Plaintiff Hall says the ALJ used boilerplate language and did not

conduct a "meaningful analysis of the specific effect and limitations of Plaintiff's obesity."[26]

The Court disagrees.  The ALJ is not required to engage in any specific form of analysis with

respect to a claimant's obesity.[27]  The ALJ is only required to consider the claimant's obesity in

combination with other impairments.[28]  Here the ALJ did consider Plaintiff's obesity and its effect

on his ability to function.  Specifically, the ALJ stated,

> In reaching the conclusion that the claimant's impairments do not rise to listing level,
> I considered the effect his obesity has on his other impairments and on his ability to
> perform routine movement and necessary physical activity within the work
> environment. I also considered how his obesity might cause fatigue that would affect
> his ability to function physically pursuant to Social Security Ruling 02-1p. I have
> incorporated the exacerbating effects of the claimant's obesity in the residual
> functional capacity ["RFC"] and I do not find that the claimant's obesity either
> singularly or in combination with his other medically determinable severe
> impairments results in limitations greater than those assessed in this opinion.[29]

The ALJ's discussion adequately addressed the affect of Plaintiff Hall's obesity and its affects on

---

[22] *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

[23] *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

[24] Doc. 18.

[25] *Id.*

[26] *Id.* at 3.

[27] *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006).

[28] *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

[29] Doc. 12 at 65.

Case No. 5:13-CV-575
Gwin, J.

his other impairments.

Plaintiff Hall's reliance on *Norman v. Astrue*[30] is misplaced.  In *Norman*, the ALJ's opinion contained "no discussion of the effect of Norman's weight on his RFC."[31]  Moreover, the ALJ "analyzed Norman's limitations [such as his back pain] not as they actually existed, but rather from the hypothetical standpoint of what Norman's limitations would be if he lost weight as recommended by his physicians."[32]  In contrast, recall in the present case the ALJ acknowledged the affect Plaintiff's obesity had on his other impairments and his RFC.[33]  Therefore, *Norman* is inapposite.

### IV.  Conclusion

For the reasons above, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

IT IS SO ORDERED.

Dated: November 22, 2013                    s/        *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[30] *Norman v. Astrue*, 694 F. Supp. 2d 738 (N.D. Ohio 2010).
[31] *Id.* at 749 n.5.
[32] *Id.* at 749.
[33] Doc. 12 at 65.

-5-